**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Kaara TICKEL, Appellant.**

Superior Court of Pennsylvania.

Argued June 23, 2010.

Filed Aug. 2, 2010.

Christian J. Hoey, Paoli, for appellant.

Michelle P. Hutton, Assistant District Attorney, Media, for Commonwealth, appellee.

BEFORE: STEVENS, GANTMAN, and ALLEN, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered by the Delaware County Court of Common Pleas after Appellant Kaara Tickel was convicted of driving under the influence of alcohol or a controlled substance,[1] driving on roadways laned for traffic,[2] a stop sign violation,[3] and careless driving.[4] Appellant claims the trial court erred in denying her motion to dismiss pursuant to Pa.R.Crim.P. 600. We affirm.

¶ 2 The trial court aptly summarized the factual background and procedural history of the case as follows:

Appellant was arrested on November 16, [2006,] following a traffic stop. Pennsylvania State Trooper Malone required Appellant to perform certain field sobriety tests, which Appellant promptly failed. Appellant was then transported to the Pennsylvania State Police Barracks in Media, Pennsylvania, where Appellant provided Trooper Malone with her Pennsylvania driver's license, her home phone number and address, and her cell phone number and her New York address where she worked as a nanny. Appellant was processed and released to the custody of a friend.

On November 20, 2006, a Criminal Complaint was filed against Appellant charging her with Driving Under the Influence of Alcohol under 75 Pa.C.S.A. § 3802. Appellant was sent notice of the first Preliminary Hearing, which was scheduled for January 25, 2007. [The trial court noted] that the Notice of the January 25, 2007 Preliminary Hearing was sent to Appellant's New York address because that was Appellant's preferred address. At the Hearing on the Rule 600 Motion, [the trial court] heard testimony from both Appellant and Trooper Malone that the New York address was Appellant's preferred contact address. [The trial court] notes that Appellant testified that she did in fact receive this Notice of her Preliminary Hearing at her New York address.

Trooper Malone testified that on January 25, 2007, the date of the first Preliminary Hearing, Appellant contacted Trooper Malone by telephone and requested a continuance because she was in New York state working as a nanny and could not take off work. Appellant also confirmed Trooper Malone's testimony that she asked Trooper Malone if she could get a continuance because she would not be able to travel to Pennsylvania because of her job. [The trial court] notes that Appellant's Preliminary Hearing was continued from January 25, 2007 until March 8, 2007.

[The trial court] heard testimony from Trooper Malone that Appellant contacted him again on March 8, 2007, and again requested a continuance due to the fact that Appellant did not have

---

**1.** 75 Pa.C.S.A. § 3802(a)(1), (c).

**2.** 75 Pa.C.S.A. § 3309.

**3.** 75 Pa.C.S.A. § 3323.

**4.** 75 Pa.C.S.A. § 3714.

counsel to represent her at the Preliminary Hearing. Based upon the representations of Trooper Malone, the Magisterial District Court granted this request and the Preliminary Hearing was continued to March 22, 2007.

Trooper Malone had no contact with Appellant from March 8th to March 22nd. On March 22, 2007, Appellant failed to appear for the Preliminary Hearing and a Bench Warrant was issued for Appellant's arrest. The Bench Warrant was signed by the Magisterial District Justice and was entered into the National Crime Information Center (NCIC). Trooper Malone testified that after the Bench Warrant was issued, he attempted to contact Appellant by telephone on at least three (3) occasions. Trooper Malone testified that he attempted to speak with Appellant during the time between March 22, 2007 and November of 2008. Trooper Malone testified that he did not actually contact Appellant; rather, Trooper Malone spoke with Appellant's father in November of 2008 and informed Appellant's father of the outstanding Bench Warrant for Appellant's arrest for her failure to appear at her Preliminary Hearing. Appellant's father informed Trooper Malone that he would contact his daughter. Shortly after Trooper Malone spoke with Appellant's father, Appellant turned herself into police. [The trial court noted] that Appellant had her Preliminary hearing on this matter on January 15, 2009.

[The trial court] determined that Appellant was given proper notice of the Preliminary Hearing proceedings and thus was aware of them. ... Appellant testified at the Hearing on this Motion that she did in fact receive in the mail at her New York address the notices of the continued Preliminary Hearings and the Notices of the new Preliminary Hearing

dates. Appellant testified to communication with Trooper Malone on at least two (2) occasions, by telephone. ...

\* \* \*

Appellant appeared for her Preliminary Hearing on January 15, 2009 and her Arraignment in the Court of Common Pleas of Delaware County was scheduled for February 12, 2009.

On February 12, 2009, Appellant failed to appear for her Delaware County Court of Common Pleas Arraignment and a Bench warrant was issued for her arrest on February 12, 2009. On March 16, 2009, Appellant appeared before the [trial court] and the bench warrant was rescinded. Appellant then received notice that her Pre–Trial conference was April 13, 2009. ...

[The trial court] noted that Appellant failed to appear at the April 13, 2009 Pre–Trial Conference. However, ... at the request of defense counsel, [the trial court] excused Appellant's absence and set a Trial date of May 11, 2009.

Trial Court Opinion, 1/27/10, at 4–8.

¶ 3 On April 14, 2009, Appellant filed a Motion to Dismiss pursuant to Pa. R.Crim.P. 600. Hearings were held on May 11, 2009 and May 20, 2009. Based on all the testimony given, the trial court denied Appellant's motion to dismiss as it found "Appellant received proper notice of her Preliminary Hearing and willfully absented herself from the Preliminary hearing." *Id.* at 8. The trial court found Trooper Malone to be credible when he testified that he made several attempts to contact Appellant by telephone. The trial court noted that most of the delay could be attributed solely to Appellant.

¶ 4 After a bench trial on October 28, 2009, Appellant was convicted of all the aforementioned offenses. For Appellant's DUI conviction for a second offense with a

BAC level of 0.23%, Appellant was given a 90–day mandatory minimum sentence to be served on 15 consecutive weekends, the balance to be served through 60 days of electronic monitoring.[5] The trial court also imposed five years probation, a CRN evaluation, safe driving classes, 96 hours of community service, and costs and fines. After her motion for reconsideration of sentence was denied, Appellant filed this timely appeal.

¶ 5 Appellant raises a single issue for our review:

> DID THE TRIAL COURT ERR IN FAILING TO GRANT APPELLANT'S MOTION TO DISMISS [PURSUANT TO] PA. R. CRIM. PRO. 600, WHEN THE COMMONWEALTH FAILED TO BRING APPELLANT TO TRIAL WITHIN 365 DAYS OF HER NOVEMBER 20, 2006 ARREST?

Appellant's Brief, at 3.

¶ 6 In evaluating Rule 600 issues, we recognize the principles reiterated by this Court in *Commonwealth v. Ramos,* 936 A.2d 1097 (Pa.Super.2007) (*en banc*):

> In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.
>
> The proper scope of review ... is limited to the evidence on the record of

the Rule [600] evidentiary hearing, and the findings of the [trial] court. An appellate court must view the facts in the light most favorable to the prevailing party.

> Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule [600]. Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.
>
> So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule [600] must be construed in a manner consistent with society's right to punish and deter crime. In considering [these] matters ..., courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Ramos,* 936 A.2d at 1100–1101 (citing *Commonwealth v. Hunt,* 858 A.2d 1234, 1238–39 (Pa.Super.2004) (*en banc*) (internal citations and quotation marks omitted), *appeal denied,* 583 Pa. 659, 875 A.2d 1073 (Pa.2005)).

¶ 7 Rule 600 provides in pertinent part:
**Rule 600.  Prompt Trial**

---

**5.** The trial court granted Appellant's request to serve a portion of her sentence with elec-

tronic monitoring as she lived and worked in New York.

. . .

[ (A) ](3) Trial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.

. . .

(C) In determining the period for commencement of trial, there shall be excluded therefrom:

. . .

(1) the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his or her whereabouts were unknown and could not be determined by due diligence;

(2) any period of time for which the defendant expressly waives Rule 600;

(3) such period of delay at any stage of the proceedings as results from:

(a) the unavailability of the defendant or the defendant's attorney;

(b) any continuance granted at the request of the defendant or the defendant's attorney.

. . .

(G) For defendants on bail after the expiration of 365 days, at any time before trial, the defendant or the defendant's attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated. A copy of such motion shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon.

If the court, upon hearing, shall determine that the Commonwealth exercised due diligence and that the circumstances occasioning the postponement were beyond the control of the Commonwealth, the motion to dismiss shall be denied and the case shall be listed for trial on a date certain. If, on any successive listing of the case, the Commonwealth is not prepared to proceed to trial on the date fixed, the court shall determine whether the Commonwealth exercised due diligence in attempting to be prepared to proceed to trial. If, at any time, it is determined that the Commonwealth did not exercise due diligence, the court shall dismiss the charges and discharge the defendant.

Pa.R.Crim.P. 600.

¶ 8 As provided by Rule 600, the trial must commence by the mechanical run date, which is calculated by adding 365 days to the date on which the criminal complaint was filed. *Ramos*, 936 A.2d at 1102. The mechanical run date can be adjusted by adding any "excludable" time when the delay was caused by the defendant under Rule 600(C). *Id.* If the trial begins before the adjusted run date, there is no violation and no need for further analysis. *Id.*

¶ 9 However, if the defendant's trial is delayed until after the adjusted run date, we inquire if the delay occurred due to "excusable delay," circumstances beyond the Commonwealth's control and despite its due diligence pursuant to Rule 600(G). *Hunt*, 858 A.2d at 1241.

Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a **reasonable** effort has been put forth. Due diligence includes, among other things, listing a case for trial prior to the run date, preparedness for trial within the run date, and keeping adequate records to ensure compliance with Rule 600.

*Ramos,* 936 A.2d at 1102 (emphasis in original) (internal citations omitted).

■ ¶ 10 In the case *sub judice,* as the Commonwealth filed its complaint against Appellant on November 20, 2006, Appellant's mechanical run date was November 20, 2007. Appellant concedes the trial court was correct in finding several periods of time excludable for the purposes of Rule 600. First, Appellant admits she contacted Trooper Malone to request a continuance of her January 25, 2007 hearing, as she could not travel to Pennsylvania for the hearing. As this hearing was rescheduled for March 8, 2007 due to Appellant's unavailability, this 42–day period is excludable under Rule 600. Second, Appellant does not challenge the trial court's finding her failure to appear for her February 12, 2009 arraignment after which a bench warrant was issued resulted in 32 days of excluded time under Rule 600. Third, Appellant does not contest the trial court's findings that her Motion to Dismiss caused delay in the prosecution of the case from May 11, 2009 until August 10, 2009, leading to 91 days excludable time. *See Commonwealth v. Lynn,* 815 A.2d 1053, 1059 (Pa.Super.2003) (finding defendant's filing of a pretrial motion which delays the start of trial may render the delay excludable for Rule 600 purposes). Addition of the aforementioned 165 days of excludable time results in an adjusted run date of May 3, 2008.

¶ 11 As such, the crux of Appellant's Rule 600 claim involves a 665–day period that resulted from Appellant's failure to appear for her scheduled Preliminary Hearing on March 22, 2007. Although the record does not indicate the exact date Appellant turned herself into police, Trooper Malone testified that Appellant's preliminary hearing was scheduled shortly thereafter on January 15, 2009. Appellant argues the trial court abused its discretion in finding that this extended period of time was excludable delay as Appellant "received proper notice of her Preliminary Hearing and willfully absented herself from the Preliminary Hearing." Trial Court Opinion, 1/27/10, at 8.

■ ¶ 12 As a general rule, "where a period of delay is caused by the defendant's willful failure to appear at a court proceeding of which he[/she] has notice, exclusion [under Rule 600] is warranted." *Commonwealth v. Baird,* 601 Pa. 625, 633, 975 A.2d 1113, 1118 (2009) (citing *Commonwealth v. Cohen,* 481 Pa. 349, 356, 392 A.2d 1327, 1331 (1978)).[6] "Common sense, the public interest, and justice demand that a defendant not be permitted the windfall of an absolute dismissal under [Rule 600] when he voluntarily absents himself from this jurisdiction, refuses to return, and due diligence by law enforcement authorities fails to secure his return." *Commonwealth v. Polsky,* 493 Pa. 402, 426 A.2d 610, 613 (1981).

¶ 13 In the *case sub judice,* Appellant admits she received the notices of her preliminary hearing at her New York address and did not appear for the hearings. A bench warrant was issued for her arrest

---

**6.** In *Cohen,* our Supreme Court emphasized that:

> An accused, unaware that process has been issued against him, has no obligation to make himself available. Employing a due diligence criteria in such a situation provides the basis for attributing to the accused any delay that results in his apprehension. Where, however, the accused is aware of his obligation to appear and fails to do so,

> he may legitimately be held accountable for any resultant delay.

*Cohen,* 481 Pa. at 355, 392 A.2d at 1330–31 (citations omitted) (concluding that a defendant on bail who fails to appear at a court proceeding of which he has notice is deemed unavailable until he is apprehended or voluntarily surrenders without the Commonwealth having to prove due diligence in securing the defendant's presence).

and entered into the National Crime Information Center (NCIC). The trial court found Trooper Malone to be credible when he testified that he made several attempts to contact Appellant by telephone during this time period. When he was unsuccessful, Trooper Malone contacted Appellant's father to inform him that a warrant had been issued for his daughter's arrest. Appellant's preliminary hearing was scheduled shortly after she turned herself in to the police.

¶ 14 We agree with the trial court's finding that as "there was no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime." Trial Court Opinion, 1/27/10, at 8–9 (citing *Commonwealth v. Booze*, 953 A.2d 1263, 1272 (Pa.Super.2008)). When this 665 day period is added to the adjusted run date of May 3, 2008, it is clear there was no violation of Rule 600 when Appellant was tried on October 28, 2009.

¶ 15 Accordingly, we affirm.

¶ 16 Affirmed.