J-S71029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

NICOLE SEVILLE CHROMACK,

        Appellee

        v.

TOMMY WILLIAMS,

        Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 733 WDA 2015

Appeal from the Order March 18, 2015
In the Court of Common Pleas of Allegheny County
Family Court at No(s): FD09005135

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and OTT, JJ.

MEMORANDUM BY SHOGAN, J.:          **FILED JANUARY 29, 2016**

Appellant, Tommy Williams, appeals from the order denying him permission to proceed *in forma pauperis* ("IFP") on a custody complaint. After careful consideration, we reverse and remand.

Appellant is the noncustodial parent of two children, ages six and seven.  On March 13, 2015, Appellant petitioned to file a custody complaint IFP, and on March 18, 2015, a hearing on that request was conducted.  On March 27, 2015, the trial court entered an order denying Appellant's petition on the grounds that "petitioner makes over the guideline amount."  Order,

3/27/15.[1]  Appellant filed an appeal on April 22, 2015.  Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

Did the trial court err in denying [Appellant's] petition to proceed *in forma pauperis* to seek partial custody of his children and modification of a support order, despite [Appellant's] monthly income of only $600 and substantial child support and student loan obligations?

Appellant's Brief at 4.

We first note that this issue is properly before us as our Supreme Court has held that "an order denying *in forma pauperis* status is a final, appealable order."  **Amrhein v. Amrhein**, 903 A.2d 17, 19 (Pa. Super. 2006) (quoting **Grant v. Blaine**, 868 A.2d 400, 402 (Pa. 2005)). Furthermore, "[i]n reviewing a trial court's resolution of an application to proceed *in forma pauperis,* we reverse only if the court abused its discretion or committed an error of law."  **Id.** at 19.  An abuse of discretion is not merely an error in judgment but requires a finding of bias, partiality, prejudice, ill will, manifest unreasonableness, or misapplication of law. **Commonwealth v. Tickel**, 2 A.3d 1229, 1234 (Pa. Super. 2010).

It is well-established that "[a] party who is without financial resources to pay the costs of litigation is entitled to proceed *in forma pauperis.*"

---

[1] At the end of the March 18, 2015 hearing, Appellant was also advised that the trial court was denying the petition because Appellant made "well over the guideline amount."  N.T., 3/18/15, at 5.

Pa.R.C.P. 240(b). That party is required to file a petition and an affidavit describing in detail the inability to pay the costs of litigation. Pa.R.C.P. 240(c). The rule expressly prescribes that the affidavit requires, *inter alia*, the following information from the applicant: present or past salary and wages, other types of income within the preceding year, other contributions for household support, property owned, available assets, debts, and obligations, and persons dependent for support. Pa.R.C.P. 240(h).

This Court has explained the following regarding IFP petitions:

> The mere filing of a praecipe for IFP status will not automatically establish the petitioner's right to proceed in that status. The court must satisfy itself of the truth of the averment of inability to pay. If it believes the petitioner's averments, there is no requirement that the court conduct an evidentiary hearing. The trial court has considerable discretion in determining whether a person is indigent for purposes of an application to proceed *in forma pauperis*. However, in making that determination, it must focus on whether the person can afford to pay and cannot reject allegations contained in an application without conducting a hearing.

**Amrhein**, 903 A.2d at 19-20.

In this case, Appellant filed a petition to proceed IFP. Petition, 3/13/15, at 1-6. With that petition, Appellant filed a "verified financial statement" in which he provided information on his income, assets, dependents, debts, and obligations. **Id.** at 3-6. As such, Appellant made a *prima facie* showing that he could not afford legal counsel. Thus, the trial court could not reject these allegations without conducting a hearing. **Amrhein**, 903 A.2d at 20.

The record reflects that on March 18, 2015, a proceeding was conducted on Appellant's request to proceed IFP. While the trial court refers to the proceeding as an evidentiary hearing, we cannot agree that it was sufficient for purposes of Pa.R.C.P. 240. A review of the hearing transcript reveals[2] that the only questions the trial court directed to Appellant were related to his income and the number of minors living with him. N.T., 3/18/15, at 3-5. After obtaining information regarding Appellant's income and household dependents, the trial court referenced "current guidelines"[3] it was reviewing. *Id.* at 5. Following consideration of those guidelines, the trial court advised Appellant: "I am going to have to deny. You make well over the guideline amount. Sorry." *Id.*

Thus, the trial court considered only Appellant's income and household dependents measured against income guidelines in determining Appellant's eligibility for IFP status. Such limited assessment is improper under Pa.R.C.P. 240. Additionally, we addressed this issue in *Amrhein* and held that a trial court's consideration of only income measured against guidelines without consideration of other obligations and monthly expenditures for

---

[2] In its opinion, the trial court indicates that Appellant failed to obtain and make part of the record the March 18, 2015 hearing transcript. Appellant acknowledges this delay. Appellant's Brief at 6. The March 18, 2015, transcript is currently part of the record before us.

[3] The transcript does not reflect the specific guidelines the trial court relied upon.

purposes of an IFP request constituted error of law. **_Amrhein_**, 903 A.2d at 22. Accordingly, we are constrained to conclude that in this case the trial court erred in considering only Appellant's monthly income and dependents measured against guidelines in denying Appellant's IFP request.

As a result, we remand this matter for a hearing consistent with Pa.R.C.P. 240. During that hearing, the trial court should consider evidence of Appellant's income, assets, dependents, obligations, and monthly expenditures pursuant to Pa.R.C.P. 240 in evaluating Appellant's IFP petition. We decline Appellant's invitation to grant IFP status herein. Although Appellant has made a *prima facie* showing of his inability to pay for counsel, we remind Appellant of his obligation to present evidence supporting this claim at the hearing.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/29/2016