J-S16019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ALAN CLARK | |
| Appellant | No. 2706 EDA 2014 |

Appeal from the Judgment of Sentence September 12, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003151-2012

BEFORE:  OTT, J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                              **FILED JUNE 10, 2016**

Alan Clark appeals from the judgment of sentence imposed on September 12, 2014 in the Court of Common Pleas of Philadelphia County following his conviction by jury on charges of possession of a controlled substance with intent to deliver (PWID),[1] conspiracy to commit PWID,[2] and a variety of firearms charges. Clark received an aggregate sentence of five to ten years' incarceration.  In this timely appeal, Clark raises one claim; he argues the trial court erred in failing to grant his motion to dismiss based upon Pa.R.Crim.P. 600 (speedy trial).  After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm

_____

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S. § 903(c).

based on the well-reasoned opinion of the trial judge, the Honorable Susan I. Schulman.

Our scope and standard of review for speedy trial issues are as follows:

> [W]hen considering Rule 600, we remain cognizant that Rule 600 serves two purposes. While it is intended to protect a defendant's speedy trial right, it also protects society's interest in prosecuting crime. Accordingly, where "there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime." [**Commonwealth v. Armstrong**, 74 A.3d 228] at 235 [(Pa. Super. 2013)].

> "In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion." **Commonwealth v. Peterson**, 19 A.3d 1131, 1134 (Pa. Super. 2011) (*en banc*). Further, we review "the facts in the light most favorable to the prevailing party." **Id**. at 1135. Our scope of review is "limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court." **Id.** The Commonwealth has the burden of establishing by a preponderance of the evidence that it exercised due diligence throughout the prosecution. **Commonwealth v. Selenski**, 606 Pa. 51, 994 A.2d 1083 (2010).

**Commonwealth v. Roles**, 116 A.3d 122, 125 (Pa. Super. 2015).

Pennsylvania Rule of Criminal Procedure 600 provides that a

> [t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

Pa.R.Crim.P. 600(A)(2)(a).[3]

Here, the certified record demonstrates the complaint was filed on December 21, 2011, which results in the mechanical run date of December 21, 2012. Trial commenced on June 25, 2014, more than 900 days after the filing of the complaint.

In its Pa.R.A.P. 1925(a) opinion, the trial court accurately discussed the relevant concepts of excludable and excusable time when analyzing Rule 600 speedy trial issues. Moreover, the trial court discussed the relevant delays and causes thereto in determining that the Commonwealth exercised due diligence is bringing Clark to trial. Our review of the certified record discloses no abuse of discretion therein.

In addition to the trial court's analysis, we note the official docket entry dated November 1, 2012 stated:

> Both sides anticipate being ready on previously assigned trial date of 11/13/12 in Rm. 901. Defense filing motion to reveal confidential location today.

Docket Entry, 11/1/2012.

As the trial court noted in its Pa.R.A.P. 1925(a) opinion,

> Indeed, virtually every single continuance in this case since prior to expiration of the mechanical run date was due to the judicial calendar, physical unavailability of witnesses, and on numerous occasions, the unavailability of Appellant's counsel. Appellant, quite plainly, is attempting to make a mountain out of a mole

---

[3] The 365 days from the date of the filing of the complaint is referred to as the "mechanical run date."

hill, when there is not even a mole hill to mold in the first instance. His claims that "the Commonwealth did not exercise due diligence throughout the case" was, and remains, wholly unsupported.

Trial Court Opinion, 5/13/2015, at 5.

Our review of the certified record confirms the trial court's conclusion that Clark's allegations of a lack of due diligence by the Commonwealth are "wholly unsupported." *Id*.

In light of the above, Clark is not entitled to relief.

Judgment of sentence affirmed. Parties are directed to attach a copy of the trial court's, May 13, 2015, Pa.R.A.P. 1925(a) opinion in the event of further proceedings.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/10/2016

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA   :     CP-51-CR-0003151-2012

             VS.         :

                  :

ALAN CLARK             :     2706 EDA 2014

**FILED**

OPINION

MAY 13 2015

Post Trial Unit

SCHULMAN, S.I., J.

    Alan Clark ("Appellant") has appealed this Court's judgment of conviction and sentence. This Court submits the following Opinion in accordance with the requirements of Pa. R.A.P. 1925, and for the reasons set forth herein, recommends that its judgment be affirmed.

PROCEDURAL HISTORY

    Prior to trial, Appellant filed a Motion to Dismiss Pursuant to Pa.R.Crim.P. 600. On June 23, 2014, this Court held a hearing on Appellant's Motion, and upon careful evaluation of the record, denied relief.

    On June 27, 2014, following a jury trial before this Court, Appellant was convicted of Possession with Intent to Deliver Controlled Substances ("PWID"),[1] Criminal Conspiracy (PWID),[2] Persons Not to Possess Firearms,[3] Possession of a Firearm with Altered Manufacturer's Number,[4] Firearms Not to Be Carried without a License,[5] and Carrying Firearms

---

[1] 35 P.S. § 780-113(a)(30).
[2] 18 Pa.C.S. § 903(c).
[3] 18 Pa.C.S. § 6105.
[4] 18 Pa.C.S. § 6110.2.
[5] 18 Pa.C.S § 6106.

on Public Streets or Public Property.[6] On September 12, 2014, upon review of the presentence investigation report ordered by this Court, and consideration of all relevant facts and circumstances of this case, Appellant was sentenced to an aggregate term of 5 to 10 years' incarceration.

Appellant thereafter filed a timely Notice of Appeal, and this Court ordered him to file a Concise Statement of Matters Complained of on Appeal in accord with Pa.R.A.P. 1925(b). Counsel for Appellant timely complied.

DISCUSSION

On appeal, Appellant solely challenges the denial of his Rule 600 Motion, as follows:

> The Court erred in denying [Appellant's] motion to dismiss pursuant to Pa.R.Crim.P. 600 where [Appellant] was tried after the 365 [day] run date (approximately 914 days after the complaint was filed) and the Commonwealth did not exercise due diligence throughout the case.

(Appellant's Rule 1925(b) Statement, ¶ 6).

**Whether the Court Abused Its Discretion in Denying Appellant's Rule 600 Motion.**

Pennsylvania Rule of Criminal Procedure No. 600 "serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society." Commonwealth v. Tickel, 2 A.3d 1229, 1233 (Pa. Super. 2010) (citations omitted). "In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it." Id. "However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth." Id.

---

[6] 18 Pa.C.S. § 6108.

2

"So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime." Tickel, 2 A.3d 1229, 1233 (citations omitted). "In considering these matters, courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well." Id.

"As provided by Rule 600,[7] the trial must commence by the mechanical run date, which is calculated by adding 365 days to the date on which the criminal complaint was filed." Tickel, 2 A.3d 1229, 1234 (citations omitted). "The mechanical run date can be adjusted by adding any 'excludable' time when the delay was caused by the defendant under Rule 600(C)." Id. "If the trial begins before the adjusted run date, there is no violation and no need for further analysis."

---

[7] Rule 600 provides in relevant part:

[(A)] (3) Trial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.

(C) In determining the period for commencement of trial, there shall be excluded therefrom:

(1) the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his or her whereabouts were unknown and could not be determined by due diligence;

(2) any period of time for which the defendant expressly waives Rule 600;

(3) such period of delay at any stage of the proceedings as results from:

(a) the unavailability of the defendant or the defendant's attorney;

(b) any continuance granted at the request of the defendant or the defendant's attorney.

Pa. R. Crim. P. 600.

3

Id. "However, if the defendant's trial is delayed until after the adjusted run date, [courts] inquire if the delay occurred due to 'excusable delay,' circumstances beyond the Commonwealth's control and despite its due diligence pursuant to Rule 600(G)." Id. In evaluating a trial court's ruling on speedy trial issues, the standard of review of is whether the trial court abused its discretion. See Commonwealth v. Peterson, 19 A.3d 1131, 1134 (Pa. Super. 2011) (en banc).

Applying the foregoing, Appellant is due no relief. The Commonwealth filed its Complaint against Appellant on December 21, 2011, thus yielding a mechanical run date of December 21, 2012. On November 11, 2012 -- prior to expiration of the mechanical run date, let alone the adjusted run date -- Appellant filed a Motion to Compel Disclosure of Location of [Surveillance]. The Honorable Donna Woelpper held Appellant's Motion under advisement and, at the next listing on December 28, 2012, denied relief. On the same date, Judge Woelpper scheduled Appellant's previously filed Motion to Suppress "for decision only" on January 16, 2013. At this listing, the Commonwealth was ready to proceed, but the case was not called. At approximately 12:30 p.m., Judge Woelpper had to adjourn for a meeting, and the case was relisted for decision on January 25, 2013.

The Commonwealth once again was ready on January 25, 2013, but the matter had to be continued because Appellant's counsel was unavailable, namely, "on trial elsewhere". At the next listing on January 31, 2013, Judge Woelpper permitted the Commonwealth to supplement the record with additional testimony -- even though she had listed the matter "for decision only" -- so that she could make an accurate ruling. The case was rescheduled for February 7, 2013, at which time Appellant's Motion to Suppress was denied. Judge Woelpper scheduled the case for trial on April 8, 2013.

4

The matter was continued by this Court until November 4, 2013, due to the unavailability of a necessary police officer who was injured on duty. On November 26, 2013, Appellant filed the instant Rule 600 Motion. At the next listing, December 6, 2013, the matter had to be continued because this Court was on trial. At the ensuing December 13, 2013 listing, this Court disposed of miscellaneous motions filed by Appellant. The matter was rescheduled for February 3, 2014, at which time the parties conducted plea negotiations. Appellant ultimately rejected the Commonwealth's plea offer, and the case was listed for trial on May 19, 2014.

On May 19, 2014, counsel for Appellant was unavailable, and the case had to be continued. On May 20, 2014, both parties were ready to proceed but the matter was not reached. On May 21, 2014, the Commonwealth once again was ready to proceed, but both counsel for Appellant and this Court were unavailable, on trial elsewhere.

The case was rescheduled for June 23, 2014, at which time this Court conducted a hearing on the motion at bar. Upon evaluation of the record, as well as arguments by counsel, this Court denied relief. Trial was scheduled for, and commenced on, June 25, 2014. (See N.T. 06/23/14, pp. 5-18).

Quite frankly, the record in this case hardly demonstrates a lack of due diligence by the Commonwealth. Indeed, virtually every single continuance in this case since prior to expiration of the mechanical run date was due to the judicial calendar, physical unavailability of witnesses, and on numerous occasions, the unavailability of Appellant's counsel. Appellant, quite plainly, is attempting to make a mountain out of a mole hill, when there is not even a mole hill to mold in the first instance. His claim that "the Commonwealth did not exercise due diligence throughout the case" was, and remains, wholly unsupported.

5

## CONCLUSION

For the reasons set forth in the foregoing Opinion, this Court's judgment of sentence should be affirmed.

BY THE COURT:

DATE: 5/12/15

_____
SUSAN I. SCHULMAN, J.

6