J-S27036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| LESLIE D. BAKER, | |
| Appellee | No. 2537 EDA 2016 |

Appeal from the Order July 18, 2016
in the Court of Common Pleas of Delaware County
Criminal Division at No.: CP-23-CR-0001520-1994

BEFORE:  GANTMAN, P.J., OTT, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.:                **FILED JUNE 23, 2017**

The Commonwealth appeals from the order granting the motion to dismiss filed on behalf of Appellee, Leslie D. Baker, pursuant to Pennsylvania Rule of Criminal Procedure 600.[1]  After failing to appear at her arraignment in 1994, Appellee turned herself in twenty years later, in 2014, and then filed the instant motion.  The trial court, after a hearing, granted the motion, reasoning chiefly that the Commonwealth failed to exercise due diligence.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Pa.R.Crim.P. 1100 was renumbered Rule 600 and amended March 1, 2000, effective April 1, 2001.  **See** Pa.R.Crim.P. 600.  The pertinent provisions remain the same.

The Commonwealth had no duty to exercise due diligence after Appellee failed to appear. Accordingly, we vacate and remand.

Charged with violations of driving under the influence, roadways laned for traffic, restrictions on alcoholic beverages, and driving without a license, Appellee appeared in district court, was held over for arraignment, and released on her own recognizance. Appellee failed to appear for arraignment on June 30, 1994. The court issued a bench warrant for her. She turned herself in over twenty years later, on December 15, 2014. Appellee filed a motion to dismiss and the trial court, after a hearing, granted the motion. This timely appeal followed.[2]

The Commonwealth presents one question for our review:

> Whether the trial court abused its discretion by granting [Appellee's] Rule 600 [m]otion to [d]ismiss where following her preliminary hearing, [Appellee] signed a [s]ubpoena with notice for her [a]rraignment in Common Pleas Court along with other documents but failed to appear at [a]rraignment and the signed [s]ubpoena was contained in the transcript certified and transmitted under the seal of the Magisterial District [Judge]?

(Commonwealth's Brief, at 1).

Our standard of review is well-settled. We review Rule 600 issues for abuse of discretion. Our scope of review is limited to the evidence on the record of the evidentiary hearing, and the findings of the trial court, viewed in the light most favorable to the prevailing party. Rule 600 serves a dual

---

[2] The Commonwealth filed a statement of errors on September 6, 2016. The trial court filed its opinion on September 30, 2016. **See** Pa.R.A.P. 1925.

J-S27036-17

purpose, protecting the accused's speedy trial rights, and the collective right of society to effective prosecution of criminal cases, to restrain the guilty and to deter those contemplating crime. ***See Commonwealth v. Tickel***, 2 A.3d 1229, 1233 (Pa. Super. 2010), *appeal denied*, 23 A.3d 541 (Pa. 2011). "The proper application of discretion requires adherence to the law, and we exercise plenary review of legal questions." ***Commonwealth v. Baird***, 975 A.2d 1113, 1118 (Pa. 2009) (citation omitted).

Here, the trial court reasons chiefly that the Commonwealth failed to exercise due diligence. (***See*** Trial Court Opinion, 9/30/16, at 1, 5-11). We are constrained to disagree.

> "[W]here a period of delay is caused by the defendant's willful failure to appear at a court proceeding of which he has notice, exclusion is warranted. Further, if a defendant is deemed to have had reasonable notice of court proceedings, but fails to appear, **the Commonwealth's due diligence in attempting to locate him need not be assessed.**"

***Baird***, ***supra*** at 1118 (emphasis added) (citations omitted).[3]

_____

[3] The trial court also questioned the authenticity of Appellee's signature. (***See*** Trial Ct. Op., at 4, 11). There is no support in the record before us for this suggestion of forgery. Instead, the trial court cites ***Commonwealth, Dep't of Transp., Bureau of Driver Licensing v. Emery***, 580 A.2d 909 (Pa. Cmwlth. 1990), a decision from our sister Commonwealth Court. Its reliance is misplaced. This Court is not bound by any decision of the Commonwealth Court. ***See Forrester v. Hanson***, 901 A.2d 548, 552 (Pa. Super. 2006). Further, the issue in ***Emery*** was not the authenticity of a signature, but the adequacy of proof of conviction to support a license suspension. The Commonwealth Court held that copies of a district justice's records that contain the necessary elements of certification, including the signature and seal of a judicial officer, were admissible to prove the
*(Footnote Continued Next Page)*

- 3 -

Moreover, Appellee's motion to dismiss relied solely on the passage of time and a claim of the Commonwealth's failure to exercise due diligence. (*See* Motion to Dismiss Pursuant to Rule 600, Pa.R.Crim.P., 1/29/15, at 1-3).  The trial court acknowledges but otherwise ignores society's right to punish and deter crime.  (*See* Trial Ct. Op. at 7); *see also Tickel*, *supra* at 1233.

Order vacated.  Case remanded for trial.  Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2017

*(Footnote Continued)* ——————

disposition of a motor vehicle violation.  *See Emery*, *supra* at 912.  Here, certification by the district justice supports the Commonwealth's position rather than refutes it.  Even as a burden of proof issue, the *Emery* decision does not support this trial court's disposition.