975 A.2d 1113

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Scott D. BAIRD, Appellant.**

Supreme Court of Pennsylvania.

Argued March 2, 2009.

Decided July 22, 2009.

626

Michael J. DeRiso, DeRiso & DeRiso, Pittsburgh, for Scott D. Baird.

Peter Glenn Flanigan, Westmoreland County District Attorney's Office, Greensburg, for Commonwealth of Pennsylvania

CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, GREENSPAN, JJ.

## *OPINION*

Justice SAYLOR.

We allowed appeal to consider whether, for the purpose of assessing the government's compliance with the prompt-trial requirement of Rule of Criminal Procedure 600, notice to an attorney of a judicial proceeding serves as sufficient notice to the defendant-client.

In February 2003, Appellant Scott D. Baird was arrested and charged by written complaint with burglary, robbery, and resisting arrest. He was released that same day after posting bond, and he executed documents reflecting his agreement to be present for all legal proceedings. Two weeks later, Appellant's counsel appeared on the date scheduled for the preliminary hearing, waived the hearing on Appellant's behalf, and signed the notice of arraignment, scheduled for April 25, 2003. Apparently, neither the district magistrate nor Appellant's counsel furnished Appellant with actual notice of the arraignment date.

Appellant had other burglary cases pending. Upon learning of the additional charges, the common pleas court revoked Appellant's bond, and a warrant was issued for his arrest. On March 18, 2003, Appellant surrendered to law enforcement and was lodged in Allegheny County Jail, through and after the date set for the arraignment. Neither Appellant nor his counsel appeared, and a bench warrant was issued. On May 7, 2003, despite the outstanding bench warrant, Appellant was released for drug rehabilitation, and, while in the program, he cooperated with a joint county task force investigating burglaries.

In December 2003, Appellant appeared in court, pled guilty to six other burglary charges, and was sentenced to time served plus probation (with the leniency due to his cooperative efforts). Following sentencing, Appellant reported monthly to his probation officer, remained gainfully employed, lived at his

listed address, and continued to work in collaboration with the law enforcement task force.

In June 2004, Appellant was detained for a motor vehicle violation in a neighboring county and arrested pursuant to the outstanding bench warrant pertaining to his failure to appear at the scheduled April 2003 arraignment proceeding. At the subsequent hearing, when asked what he thought happened to the case against him, Appellant indicated that he was never informed of the date of arraignment. More specifically, Appellant explained:

I asked [my attorney] about it. He said, exactly what he said, "I wouldn't stir up the bees. Let it go. See what happens," is his exact words.

N.T. June 22, 2004, at 4. The following day, Appellant executed a waiver of arraignment and was released on bail. His trial was scheduled for April 4, 2005.

Prior to the trial date, Appellant filed a motion to dismiss pursuant to relevant provisions of Pennsylvania's prompt-trial rule. See Pa.R.Crim.P. 600 (requiring that trial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, is to commence no later than 365 days from the date the complaint is filed, subject, inter alia, to the exclusion of periods of delay resulting from the unavailability of the defendant or the defendant's attorney). Following an evidentiary hearing, the common pleas court granted the motion and dismissed the charges, finding that Appellant lacked notice of his April 2003 arraignment date and that the Commonwealth did not exercise due diligence in bringing Appellant to trial.

A divided, en banc Superior Court reversed and remanded for further proceedings, holding that it is the responsibility of defense counsel to advise a defendant of court proceedings requiring the defendant's presence. See Commonwealth v. Baird, 919 A.2d 258, 261 (Pa.Super.2007). Writing for the majority, then-Judge (now Justice) McCaffery initially explained that a defendant on bail who fails to appear at a court proceeding, of which he has been properly notified, is deemed

unavailable from the time of that proceeding until he is subsequently apprehended or until he voluntarily surrenders himself. *See id.* at 260 (citing *Commonwealth v. Cohen,* 481 Pa. 349, 356, 392 A.2d 1327, 1331 (1978)).[1] The majority determined that notice to Appellant's counsel constituted proper notification to Appellant of the date of his arraignment and, as such, Appellant's failure to appear rendered him unavailable for trial. *See Baird,* 919 A.2d at 260–61 (citing *Commonwealth v. Snyder,* 373 Pa.Super. 582, 542 A.2d 95 (1988)). The majority reasoned:

> Where defense counsel has actual notice of a proceeding and fails to so inform his or her client, the onus and consequences of such failure fall upon the defendant. [Appellant]'s failure to appear at the court proceeding, therefore, renders [Appellant] unavailable during the entire period between the date of the proceeding and [Appellant]'s subsequent apprehension by police.

*Baird,* 919 A.2d at 261.

Thus, the Superior Court held that the period between April 25, 2003 (Appellant's original arraignment date), and June 21, 2004 (the date Appellant was apprehended), was excludable time for purposes of determining the time within which the Commonwealth was required to commence Appellant's trial under Rule 600. Given its analysis, the majority viewed the matter of the Commonwealth's diligence, considered by the common pleas court, to be irrelevant to the outcome.

Judge Joyce, joined by Judges Stevens, Klein, and Panella, authored a concurrence, framing the issue as "what is reasonable and/or proper notice." *Baird,* 919 A.2d at 262 (Joyce, J., concurring). Given that Appellant's counsel was notified of the arraignment date, Judge Joyce concluded that it was reasonable to assume counsel would have informed Appellant of that date. Judge Joyce emphasized Appellant's awareness of the proceedings against him, reasoning that Appellant's

1. The *Cohen* decision, and some others discussed herein, addressed Rule 600's predecessor. *See* Pa.R.Crim.P. 1100 (superseded). The relevant exclusionary provisions of Rule 600 and former Rule 1100 are materially the same.

disregard of, or apathy toward, the criminal action against him should not result in a windfall to him. *See id.* at 262–63.

President Judge Ford Elliott, joined by Judges Musmanno and Panella, also concurred, agreeing that the delay caused by counsel's failure to inform Appellant of the arraignment date, resulting in Appellant's failure to appear, is excludable time for Rule 600 purposes. However, she disagreed with the majority's broader, bright-line holding that the "onus and consequences" of such an omission falls upon the defendant. Rather, Judge Ford Elliott believed that the determination should be case-specific, thus suggesting a broader assessment of the totality of the circumstances. *See Baird,* 919 A.2d at 264 (Ford Elliott, P.J., concurring).

Judge Bender authored a dissent, in which he emphasized the trial court's factual finding that Appellant was not properly notified of his scheduled arraignment. He reasoned that Appellant's failure to appear did not constitute a willful failure for excludable time purposes. Additionally, the dissent suggested that the majority's approach conflicted with the applicable state and local court rules, which require that notice be provided by the court, not by counsel. *See Baird,* 919 A.2d at 266–67 (Bender, J., dissenting).[2]

■ Presently, Appellant maintains he has no obligation to be available where he is not properly made aware of his arraignment date. Appellant's argument substantially tracks Judge Bender's dissenting opinion in its emphasis on the proposition that a defendant who fails to appear for a court proceeding is deemed unavailable only when he has been properly notified of that proceeding. *See Cohen,* 481 Pa. at 355, 392 A.2d at 1331 ("Where . . . the accused is *aware* of his

---

**2.** Pa.R.Crim.P. 541(C) provides that:

> If the defendant waives the preliminary hearing and consents to be bound over to court, the defendant and defense attorney, if any, shall certify in writing that the issuing authority told the defendant of the right to have a preliminary hearing, and that the defendant voluntarily waives the hearing and consents to be bound over to court. Pa.R.Crim.P. 541(C). Likewise, prevailing local rules required notice of a preliminary hearing to "the defendant and counsel." Westmoreland County Local Rule WC542.

obligation to appear and fails to do so, he may legitimately be held accountable for any resultant delay[.]" (emphasis added)). Appellant avers that the delay did not result from his willful failure to appear at the required time. Because he was never properly informed of the arraignment date, Appellant contends that his attorney's knowledge of that date should not be imputed to him. Appellant also argues that the Commonwealth failed to exercise the required due diligence in attempting to locate him by merely issuing a bench warrant. Appellant notes that, on the date of the scheduled arraignment, he was incarcerated in the Allegheny County Jail, and when he was released, he participated in drug rehabilitation and fully cooperated with a county task force, requiring him to appear in court as a witness for the Commonwealth on at least two occasions. Therefore, according to Appellant, it would have taken very little effort to locate and bring him to trial within the time constraints of Rule 600.

In opposition, the Commonwealth avers that by posting bond and agreeing to "appear at all subsequent proceedings," Appellant assumed the responsibility of making himself available for any court appearances required of him. *See Cohen,* 481 Pa. at 354, 392 A.2d at 1330 ("Where a defendant undertakes to accept the status of bail during the pendency of court proceedings he assumes the responsibility of making himself available for any court appearances required of him in connection with the action, upon receipt of reasonable notice."). Further, the Commonwealth observes that Appellant's counsel appeared at the preliminary hearing and signed and accepted written notice of the formal arraignment on Appellant's behalf. Because the attorney is Appellant's agent when acting, or failing to act, in furtherance of the litigation, the Commonwealth contends that Appellant was on reasonable notice as to the arraignment for purposes of Rule 600.

As an extension of its argument, the Commonwealth submits that Appellant received notice as required by the Rules of Criminal Procedure. The Commonwealth explains that Rule 571 provides that "[n]otice of arraignment shall be given to the defendant as provided in Rule 114 ['Order and Court Notices:

Filing; Service; and Docket Entries'] or by first class mail."
Pa.R.Crim.P. 571(A). More specifically, the Commonwealth
notes that Rule 114 sets forth seven methods by which proper
notice is rendered, one of which is delivery to "the party's
attorney." Pa.R.Crim.P. 114(B)(3)(a)(i). Similarly, the Com-
monwealth observes that the Pennsylvania Rules of Profes-
sional Conduct state that a lawyer shall "promptly inform the
client of any decision or circumstance [and] keep the client
reasonably informed about the status of the matter...."
Pennsylvania Rule of Professional Conduct 1.4 ("Communica-
tion"). The Commonwealth suggests that these rules are
intended to encourage communication between lawyer and
client and provide the court and community a reasonable
expectation that the actions of lawyer and client are, for
purposes of litigation, one in the same.

Finally, the Commonwealth submits that Rule 600 should
not be read to encourage a defendant to deliberately render
himself ignorant of his court obligations and thereby form a
basis for a claim that he lacked notice. In support of its
argument, the Commonwealth relies on *Barker v. Wingo,* 407
U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), wherein the
United States Supreme Court stressed that, in the context of a
Sixth Amendment speedy-trial violation, courts must evaluate
the conduct of both the prosecution and the defendant. *See
id.* at 530, 92 S.Ct. at 2191–92. In doing so, the Common-
wealth observes that the Court identified four factors to be
considered: (1) length of delay; (2) reason for delay; (3)
defendant's assertion of his rights; and (4) prejudice to defen-
dant. *See id.* Applied to the facts of the instant case, the
Commonwealth avers that Appellant's claim must fail:

> When [Appellant]'s attorney has appeared at a preliminary
> hearing at the request of his client, has acquiesced in his
> client's nonappearance with the intent to waive the case into
> court, signs for and accepts written notice of the formal
> arraignment on his client's behalf (said notice mandating his
> client to appear at a formal court arraignment), and then
> fails the responsibilities of an attorney (imposed by this
> Court via the Rules of Professional Conduct) to communi-
> cate the relevant information to his client, and does not

appear himself, that attorney has made his client and himself unavailable for the purposes of Rule 600.

Brief for Appellee at 30–31.

▮ When evaluating Rule 600 issues, generally stated, the reviewing court's general standard of review is whether the trial court abused its discretion. *See Commonwealth v. Meadius*, 582 Pa. 174, 179, 870 A.2d 802, 805 (2005). The proper application of discretion requires adherence to the law, *see Commonwealth v. Chamberlain*, 557 Pa. 34, 39, 731 A.2d 593, 595 (1999), and we exercise plenary review of legal questions.

▮ As reflected above, this appeal centers on the exclusion, for Rule 600 purposes, of periods of time during which the defendant is deemed unavailable. As the Commonwealth highlights, the general rule is that, where a period of delay is caused by the defendant's willful failure to appear at a court proceeding of which he has notice, exclusion is warranted. *See Cohen*, 481 Pa. at 356, 392 A.2d at 1331. Further, if a defendant is deemed to have had reasonable notice of court proceedings, but fails to appear, the Commonwealth's due diligence in attempting to locate him need not be assessed. *See id.* at 355, 392 A.2d at 1331 ("Where the defendant is on bail and has notice of his obligation to appear and fails to do so, a concept of due diligence in apprehending the fugitive is misplaced in a speedy trial analysis."). *Cohen* applied the above analysis to a scenario in which the defendant was free on bail; however, under prevailing Pennsylvania law, the precepts apply equally to defendants who are incarcerated, where they have not complied with conditions of bail and the procedural requirement, embodied in Rule of Criminal Procedure 526(A)(3), to provide prompt notice of their whereabouts to the bail authority, the clerk of courts, and the district attorney. *See* Pa.R.Crim.P. 526; *Commonwealth v. Brown*, 351 Pa.Super. 119, 124, 505 A.2d 295, 297 (1986) (quoting *Commonwealth v. Gorham*, 341 Pa.Super. 499, 503, 491 A.2d 1368, 1370 (1985)).[3]

---

3. *Brown* addressed the content of former Rule of Criminal Procedure 4013(c), which was moved, in 1996, to former Rule 4005(a)(3), and ultimately, in 2001, to Rule 526(a)(3).

The more discrete question in this appeal concerns whether, and at what juncture, notice can be fairly attributed to Appellant. As noted, the Superior Court adopted a bright-line rule mandating that, "[w]here defense counsel has actual notice of a proceeding and fails to so inform his or her client, the onus and consequences of such failure fall upon the defendant." *Baird*, 919 A.2d at 261.

Initially, we recognize that there is some appeal to President Judge Ford Elliott's suggestion of a totality approach, as opposed to a bright-line rule. Such an approach would parallel the overarching totality assessment applied by the United States Supreme Court to vindicate the constitutional entitlement to a speedy trial. *See Commonwealth v. Terfinko*, 504 Pa. 385, 391, 474 A.2d 275, 278 (1984) (citing *U.S. v. Mac-Donald*, 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978)). Nevertheless, the High Court has applied some brighter-line, subsidiary rules in federal speedy-trial jurisprudence. Of particular relevance here, the Court applies a general rule attributing delay caused by counsel to the defendant. *See Vermont v. Brillon*, —— U.S. ——, ——, 129 S.Ct. 1283, 1293, 173 L.Ed.2d 231 (2009); *accord Link v. Wabash R.R. Co.*, 370 U.S. 626, 634, 82 S.Ct. 1386, 8 L.Ed.2d 734 n. 10, 370 U.S. 626, 82 S.Ct. 1386, 1390 n. 10, 8 L.Ed.2d 734 (1962) (recognizing that, in both civil and criminal cases, "clients [are] bound by their counsels' inaction"). Among other things, this rule guards against calculated efforts on the part of the defense to obtain an advantage from delay. *See Brillon*, —— U.S. at ——, ——, 129 S.Ct. at 1290, 1292.[4]

This Court has explained that Rule 600 was designed to comport with the constitutional standards set forth by the United States Supreme Court. *See Commonwealth v. DeB-*

---

4. Notably, the United States Supreme Court has also stated that, as long as counsel is not constitutionally ineffective, the defendant must "bear the risk of attorney error." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S.Ct. 2546, 2566–67, 115 L.Ed.2d 640 (1991). To the extent Appellant's argument implicates a potential claim of ineffective assistance of counsel, we have not been presented with this issue and, in any event, it would be premature for this Court to address it at this juncture. *See Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002).

*lase,* 542 Pa. 22, 30–31, 665 A.2d 427, 431 (1995) (explaining that Rule 600 was "promulgated ... to give substantive effect to the United States Supreme Court's observation that state courts could, pursuant to their supervisory powers, establish fixed time periods within which criminal cases must normally be brought"); *see also Barker,* 407 U.S. at 523, 92 S.Ct. at 2188 (noting that "[t]he States ... are free to prescribe a reasonable period *consistent with constitutional standards*" (emphasis added)). In light of such design, the Superior Court did not err in applying a general rule, consistent with federal speedy-trial jurisprudence, attributing notice to counsel to the defendant for Rule 600 purposes.

We acknowledge that the United States Supreme Court has recognized that the general rule of attribution admits of some exceptions, such as a "breakdown in [a] public defender system." *See Brillon,* —— U.S. at ——, 129 S.Ct. at 1292. While certainly this identified exception is not exclusive, its character does suggest that the bar is set fairly high.

In the present case, although Appellant was incarcerated at the scheduled time for his arraignment proceeding, he does not contend that he provided notice of his whereabouts to the bail authority, clerk of courts, and district attorney as required by Rule 526. Furthermore, his own testimony from the June 2004 hearing confirms that, at least at some point, the defense adopted a strategy of willful ignorance. *See* N.T. June 22, 2004, at 4 (reflecting Appellant's understanding of his counsel's advice to not "stir up the bees. Let it go. See what happens."). In light of such circumstances, we conclude that the exception to the general rule of attribution is not implicated here, and the Superior Court correctly concluded that the burden did not shift to the Commonwealth to establish its own diligence.

We hold that, absent exceptional circumstances not present here, notice to defense counsel constitutes reasonable notice for the purpose of determining a defendant's unavailability under Rule 600.

The order of the Superior Court is affirmed.

Mr. Justice McCaffery did not participate in the consideration or decision of this case.

Mr. Chief Justice Castille, Messrs. Justice Eakin and Baer and Mesdames Justice Todd and Greenspan join the opinion.