J-A25040-17

2018 PA Super 13

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
:
v. :
:
:
JAMES DAVID WRIGHT : No. 3597 EDA 2016

Appeal from the Order October 19, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0005845-1990

BEFORE:   OTT, J., STABILE, J., and STEVENS*, P.J.E.

OPINION BY OTT, J.:                         **FILED JANUARY 26, 2018**

This is a Commonwealth appeal from the order entered October 19, 2016, in the Delaware County Court of Common Pleas, which granted James David Wright's motion to dismiss the charges filed against him in July of 1990, based on a violation of Pennsylvania Rule of Criminal Procedure 600.  On appeal, the Commonwealth argues the trial court abused its discretion in granting Wright's motion to dismiss.  For the reasons below, we are compelled to reverse the order dismissing the charges, and remand for further proceedings.

The pertinent facts and procedural history are summarized by the trial court as follows:

On July 10, 1990, a Criminal Complaint was issued against [Wright] charging him with Driving Under the Influence, 75

_____

* Former Justice specially assigned to the Superior Court.

Pa.C.S. § 3731 and Reckless Driving, [formerly,] 75 Pa.C.S. § 3714. On September 18, 1990, a Preliminary Hearing was conducted and [Wright] was held for court on all charges. He was arraigned on October 18, 1990 at which time he signed a notice to appear for a return with counsel hearing before the Honorable R. Barclay Surrick on November 13, 1990 as well as a Pretrial Conference on November 19, 1990. [Wright] failed to appear on November 13, 1990 and a bench warrant was issued by Judge Surrick. On November 19, 1990, Judge Surrick rescinded the bench warrant after [Wright] appeared before him. [Wright] was advised to return to court on November 26, 1990 and signed a notice to appear for that date. On November 26, 1990, when [Wright] failed to appear, Judge Surrick issued another bench warrant for his arrest.

In the intervening 26 years, [Wright] was arrested and incarcerated multiple times in various jurisdictions and resided at the same address for at least the first nine (9) of those intervening years. Sometime in the fall of 2016, [Wright] received a mailing from the Sheriff's office indicating that a bench warrant existed for his arrest and that he should turn himself in. He turned himself in on October 3, 2016, the bench warrant was lifted and a pretrial conference was scheduled before the undersigned for October 17, 2016. On October 11, 2016, [Wright] filed an Omnibus Pretrial Motion alleging that his rights under Rule 600 of the Pennsylvania Rules of Criminal Procedure were violated and that the charges should be dismissed, and that the breathalyzer test results should be suppressed as a result of failure to comply with the appropriate regulations pertaining to breath testing.

On October 19, 2016, a hearing was held before this Court on [Wright's] motion. Initially, the Commonwealth requested a continuance due to the unavailability of the now retired arresting police officer. However, as a result of discussions between the court and both attorneys, it was stipulated that [Wright] signed a notice to appear on November 26, 1990. The Commonwealth was satisfied with that Stipulation. The hearing therefore continued with [Wright's] testimony and argument. At no point in time did the Commonwealth present any testimony, evidence or argument as to the issue of the breath test results as was their burden at this suppression hearing.

At the conclusion of the hearing on [Wright's] Omnibus Pretrial Motion,[1] which took place on October 19, 2016, the court granted [Wright's] Motion to Dismiss based on a violation of

- 2 -

Pennsylvania Rule of Criminal Procedure 600. On October 21, 2016, the Commonwealth filed a motion seeking reconsideration of that order which was subsequently denied by the court on October 25, 2016.

_____

[1] The court inadvertently entered an Order suppressing the blood test results; however, a hearing was never held on this issue.

Trial Court Opinion, 4/26/2017, at 1-3. This timely appeal followed.[1]

The sole issue raised by the Commonwealth on appeal is that the trial court abused its discretion in granting Wright's motion to dismiss the charges when Wright admitted he had notice of the November 26, 1990, court proceeding, but willfully failed to appear. **See** Commonwealth's Brief at 10.

Our standard of review of an order granting a Rule 600 motion is abuse of discretion. **Commonwealth v. Baird**, 975 A.2d 1113, 1118 (Pa. 2009). "The proper application of discretion requires adherence to the law, and we exercise plenary review of legal questions." **Id.** (internal citation omitted). Moreover, when considering an order granting a motion to dismiss based upon Pennsylvania's speedy trial rule, we must bear in mind the following:

Pennsylvania Rule of Criminal Procedure 600 was designed "to protect a defendant's speedy trial rights, as well as society's right to effective prosecution of criminal cases." **Commonwealth v. Thompson**, 136 A.3d 178, 182 (Pa. Super. 2016) (quotation omitted). The Rule mandates, *inter alia,* that a defendant must

_____

[1] On November 11, 2016, the trial court ordered the Commonwealth to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). After requesting and receiving an extension of time, the Commonwealth filed a concise statement on December 16, 2016.

J-A25040-17

be tried on criminal charges no later than 365 days after the criminal complaint is filed. Pa.R.Crim.P. 600(A)(1, 3).

> This straightforward calculation is known as the mechanical run date. *See, e.g.,* [*Commonwealth v.*] *Ramos,* 936 A.2d [1097] 1102 [ (Pa.Super.2007) ]. However, those periods of delay caused *by a defendant* are excluded from the computation of the length of time of any pretrial incarceration. Pa.R.Crim.P. 600(C). Following these exclusions, if any, we arrive at an adjusted run date by extending the mechanical run date to account for these exclusions. *See, e.g., Ramos,* 936 A.2d at 1102. Any other delay that occurs, despite the Commonwealth's due diligence, is deemed excusable and results in further adjustments to the effective run date. Pa.R.Crim.P. 600(G); *see also Ramos,* 936 A.2d at 1102 (explaining that "[e]xcusable delay is a legal construct that takes into account delays which occur as a result of circumstances beyond the Commonwealth's control and despite its due diligence") (internal punctuation and citation omitted).

*Thompson, supra,* 136 A.3d 178, 182 (emphasis in original).

*Commonwealth v. Dixon*, 140 A.3d 718, 722 (Pa. Super. 2016), *appeal denied*, 159 A.3d 938 (Pa. 2016).

In the present case, there is no dispute the mechanical run date for Wright's trial expired in 1991. Rather, the question presented on appeal is whether the ensuing 25 years, between the time Wright failed to appear in November of 1990 and when he surrendered with counsel in October of 2016, is excludable time attributed solely to Wright or whether the Commonwealth had the burden to demonstrate it exercised due diligence in bringing him to trial. Relying on *Baird*, *supra*, the Commonwealth insists it "had no requirement to seek out [Wright during that 25-year period] where all the excludable time resulted from [Wright's] failure to appear." Commonwealth's Brief at 14. We agree.

- 4 -

In **Baird**, **supra**, defense counsel signed a notice of the arraignment date, but neither the defendant, nor counsel, appeared on that day, and a bench warrant was issued. It was not until more than a year later, when the defendant was stopped for a motor vehicle violation in another county, that he was arrested on the outstanding warrant. **See Baird**, **supra**, 975 A.2d at 1114-1115. Moreover, during part of that time, the defendant was incarcerated in another county, and cooperating with a joint county task force. **See id.** The trial court subsequently granted the defendant's motion to dismiss the charges based on a violation of Rule 600.

On appeal, a divided *en banc* Superior Court reversed, concluding that the defendant's failure to appear, when counsel received proper notice, excused the Commonwealth from having to demonstrate due diligence. **See id**. at 1115-1116. The Pennsylvania Supreme Court agreed, explaining:

> [T]he general rule is that, where a period of delay is caused by the defendant's willful failure to appear at a court proceeding of which he has notice, exclusion is warranted. **Further, if a defendant is deemed to have had reasonable notice of court proceedings, but fails to appear, the Commonwealth's due diligence in attempting to locate him need not be assessed**.

**Id.** at 1118 (emphasis supplied and citations omitted).

Nevertheless, the **Baird** Court noted the "more discrete question" on appeal was whether notice to counsel of a court date could be "fairly attributed" as notice to the defendant. **Id.** It then adopted the general rule, set forth in federal speedy trial cases, which attributed notice to counsel as notice to a defendant. The rule also recognized limited "exceptional

circumstances," such as a "breakdown in [a] public defender system[.]" **Id.** at 1119. Because the defendant in **Baird** did not provide notice of his whereabouts to the bail authority, clerk of courts, or the district attorney, as required by Pa.R.Crim.P. 526,[2] the **Baird** Court found the defendant willfully failed to appear, and "the burden did not shift to the Commonwealth to establish its own due diligence." **Id.** at 1119. **See also Commonwealth v. Vesel**, 751 A.2d 676, 680 (Pa. Super. 2000) (under predecessor to Rule 600, time between August 1991 hearing, at which defendant failed to appear despite reasonable notice, and his subsequent arrest on unrelated charges in 1999, was excludable time; although defendant claimed Commonwealth knew his address the whole time, appellate court found "the Commonwealth owes no duty of due diligence when an appellant fails to appear at a scheduled court proceeding."), *appeal denied*, 760 A.2d 854 (Pa. 2000).

In the present case, Wright admitted during the Rule 600 hearing that he had reasonable notice of the November 26, 1990, trial date. **See** N.T., 10/1/2016, at 13. He further claimed he had hired an attorney, who told him he did not need to appear, and that the attorney would appear for him. **See**

---

[2] Rule 526 provides, in relevant part, that a defendant who is released on bail, must, *inter alia*, "appear at all times required until full and final disposition of the case[,]" and " give written notice to the bail authority, the clerk of courts, the district attorney, and the court bail agency or other designated court bail officer, of any change of address within 48 hours of the date of the change[.]" Pa.R.Crim. P. 526(A)(1), (3).

*id.* at 14. Wright stated he "was under the impression it was resolved."[3] *Id.*

Despite Wright's blatant acknowledgement that he willfully failed to appear for the court proceeding, the trial court found the facts of this case presented the "exceptional circumstances envisioned" by the *Baird* Court. Trial Court Opinion, 4/26/2017, at 8. The court emphasized Wright was "never represented by counsel of record," and would be "hindered in mounting a defense" to a 25-year-old DUI charge. *Id.* Indeed, the trial court focused on the fact the Commonwealth took no action to locate Wright for 25 years, when "[a] minimum investigation would have disclosed his whereabouts." *Id.* at 12.

However, we find the trial court's reliance on the "exceptional circumstances" language in *Baird* is misplaced. The quotation comes from the Court's discussion of notice to counsel, where the Court stated: "We hold that absent **exceptional circumstances** not present here, notice to defense counsel constitutes reasonable notice for the purpose of determining a defendant's unavailability under Rule 600." *Baird*, *supra*, 975 A.2d at 1119 (emphasis supplied). It appears the Court did not "envision" these "exceptional circumstances" applying to situations where, as here, a defendant willfully fails to appear at a proceeding of which he has reasonable notice. Rather, as noted above, the law clearly states that once a defendant

---

[3] The trial court questioned Wright's credibility on this claim, stating, "I don't know how much weight I give his testimony that he believed it was resolved[.]" N.T., 10/19/2016, at 15.

is provided with notice of a court hearing, and he willfully fails to appear, the Commonwealth has no burden to demonstrate due diligence. *See Baird*, *supra*. Accordingly, because the record clearly demonstrates Wright had reasonable notice of the trial date and willfully failed to appear, we conclude the trial court erred in requiring the Commonwealth to demonstrate its due diligence in bringing Wright to trial.

The trial court also emphasized the language in *Commonwealth v. Cohen*, 392 A.2d 1327 (Pa. 1978), in which the Supreme Court held a "defendant on bail who fails to appear at a court proceeding, of which he has been properly notified, is unavailable from the time of such proceeding until he is **subsequently apprehended** or until he voluntarily surrenders[.]" Trial Court Opinion, 4/26/2017, at 9 (emphasis in original), *quoting Cohen*, *supra*, 392 A.2d at 1331. The court reasoned that because Wright had been arrested in three other cases during the 25-year-period, he was "subsequently apprehended" under *Cohen*. The trial court further noted "[t]he Commonwealth was, again, thereby on notice of [Wright's] whereabouts, but did not lodge a detainer or proceed with [his] case *sub judice*." Trial Court Opinion, 4/26/2017, at 9.

Again, we conclude the trial court erred in shifting the burden to the Commonwealth to demonstrate due diligence. Neither the *Cohen* decision, nor any cases we have uncovered, interpret the language "subsequently apprehended" to mean when a defendant is arrested for a different crime in a different jurisdiction. Rather, the implication of the statement is the Rule 600

clock begins to run again when the defendant is "subsequently apprehended" for the charges at issue. Indeed, the **Cohen** Court explained:

> Where a defendant undertakes to accept the status of bail during the pendency of court proceedings he assumes the responsibility of making himself available for any court appearances required of him in connection with the action, upon receipt of reasonable notice. To focus solely upon the conduct of the Commonwealth not only ignores the defendant's dereliction of an obligation, but also places him in the position of possibly benefitting from his own wrongdoing. Where the delay results from the Defendant's willful failure to appear at the appointed time it is obviously not the type of harm envisioned in the protections sought to be afforded by the speedy trial guarantee. To the contrary, the delay is directly attributable to the fact that he was in a bail status, and not in custody, and that he deliberately abused that prerogative.

**Id.** at 1330. Consequently, we conclude Wright's subsequent arrests in other jurisdictions during the time the present charges were pending, did not restart the Rule 600 clock. Although we appreciate the trial court's concern that Wright's "ability to mount a defense to a DUI charge that is 25 years old has been seriously thwarted[,]"[4] we must emphasize that the delay was caused solely by his own deliberate actions.[5]

Accordingly, because we find the trial court erred in shifting the burden of proof to the Commonwealth to demonstrate its due diligence in bringing

---

[4] Trial Court Opinion, 4/26/2017, at 13.

[5] We note, too, the delay may prejudice the Commonwealth in prosecuting the case, as well.

Wright to trial, we are compelled to reverse the order granting Wright's motion to dismiss, and remand the case for further proceedings.[6]

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/26/18

---

[6] We note that the trial court candidly admitted it mistakenly granted Wright's motion to suppress the breath test. *See* Trial Court Opinion, 4/26/2017, at 14. Accordingly, the motion to suppress remains unresolved upon remand.