J-A28027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                 :           PENNSYLVANIA
                                 :
          v.                      :
                                 :
                                 :
AARON WILLIAM WHITEHEAD          :
                                 :
          Appellant            :      No. 15 EDA 2024

Appeal from the Judgment of Sentence Entered September 28, 2023
In the Court of Common Pleas of Bucks County
Criminal Division at No: CP-09-CR-0002161-2023

BEFORE: PANELLA, P.J.E., STABILE, J., and NICHOLS, J.

MEMORANDUM BY STABILE, J.:             **FILED APRIL 21, 2025**

Appellant, Aaron William Whitehead, appeals from the judgment of sentence entered by the Court of Common Pleas of Bucks County on September 28, 2023, and made final by the denial of his post-sentence motion. He challenges the trial court's denial of his motion to dismiss pursuant to Pa.R.Crim.P. 600 (speedy trial). Finding merit in Appellant's Rule 600 claim, we vacate the judgment of sentence.

The facts are not in dispute. Briefly, Appellant and a co-defendant were charged on November 18, 2019, with aggravated assault, simple assault and related offenses following a physical altercation with two corrections officers at the Bucks County Correctional Facility. After a preliminary hearing on February 3, 2020, the charges were bound over to the Court of Common Pleas of Bucks County.

Trial was scheduled for August 11, 2021. On that day, the Commonwealth requested a continuance because the assigned prosecutor was in trial on an unrelated matter, making him/her unavailable for Appellant's trial. The trial court expressed its displeasure with the request since the matter had been continued several times previously. Significantly, on June 22, 2021, all attorneys involved in the matter agreed to August 11, 2021 as Appellant's trial date. Since the Commonwealth was unable to proceed with trial, Appellant's counsel requested dismissal. The trial court granted Appellant's request and dismissed the charges. The Commonwealth then noted its intention to refile the charges on the record in Appellant's presence.

The Commonwealth filed a motion to reconsider on August 12, 2021. Before the motion was ruled upon, the Commonwealth refiled the charges against Appellant on October 1, 2021. An arrest warrant was issued the same day. The Commonwealth contacted defense counsel via telephone and advised that the charges were refiled and requested Appellant surrender himself. N.T. Rule 600 Hearing, 9/11/23, at 17-18. However, the record reflects that defense counsel was not appointed on this case until April 6, 2023.

At the time the charges were refiled, Appellant was being supervised on an unrelated case by Bucks County Adult Probation and Parole Officer Katie Fanto ("APO Fanto"). *Id.* at 31. On December 30, 2021, Appellant appeared for a mandatory office visit with APO Fanto. *Id.* at 31-32. She was not aware that the charges had been refiled at that time. *Id.* at 32. Appellant then

- 2 -

failed to appear at his scheduled appointment on February 1, 2022. *Id.* The next day, APO Fanto left a voicemail for Appellant advising that he failed to show for his appointment; that she would be filing a violation because he failed to report; that he had tested positive for controlled substances; and, at the request of the Commonwealth, that he had an active arrest warrant for the refiled charges. *Id.* at 32-33. A violation hearing was scheduled for April 29, 2022. *Id.* at 33. Appellant failed to appear, and a bench warrant was issued for his arrest. *Id.*

Appellant was detained on February 19, 2023, by Philadelphia police.[1] *Id.* at 34. A preliminary hearing was held on May 1, 2023, and the charges were bound over to the Court of Common Pleas of Bucks County.

Appellant filed an omnibus pretrial motion to dismiss pursuant to Rule 600 on July 28, 2023. He argued that more than 365 days had elapsed between the date charges were refiled and the day he was apprehended. While he does not assert how much time he believed elapsed, the record indicates that 506 days elapsed between the refiling of the complaint (October 1, 2021) and Appellant's arrest (February 19, 2023). He further argued that the Commonwealth did not attempt to serve the arrest warrant and lacked due diligence in apprehending him.

---

[1] The record is unclear whether Appellant was detained on one or both warrants.

A hearing was held immediately prior to Appellant's jury trial. The trial court denied Appellant's Rule 600 motion, finding that the 506-day pre-arrest period to be excludable from the speedy trial calculation because (1) Appellant was present in court when the Commonwealth stated its intention to refile the charges after they were dismissed; (2) the Commonwealth contacted defense counsel multiple times and advised that the charges were refiled; and (3) Appellant's probation officer left him a voicemail advising that he had an active warrant and encouraged Appellant to surrender. Trial Court Opinion, 3/28/24, at 9-10. The court explained:

> In sum, the evidence adduced at the Rule 600 hearing established not only that Appellant himself was given direct notice of the Commonwealth's intent to refile at the original dismissal hearing, but he received additional notice through his attorney of record and probation officer once refiling occurred. So, because Appellant had notice of the charges, but still refused to surrender himself to police, he was instrumental in causing the delay preceding his apprehension. Therefore, this delay can properly be excluded from the Rule 600 calculation without reference to the Commonwealth's diligence.

*Id.* at 10.

At the jury trial, Appellant was found guilty of two counts of aggravated assault, two counts of simple assault and resisting arrest. He was sentenced to an aggregate term of 33 to 120 months of incarceration. Appellant filed a timely post-sentence motion to reconsider, which was denied by the trial court. This appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Did the trial court abuse its discretion in denying Appellant's motion to dismiss based on Rule 600 of the Pennsylvania Rules of Criminal Procedure?

2. Did the trial court devise and apply a novel standard that contradicts prior rulings of this Court?

3. Does due diligence under Rule 600 of the Pennsylvania Rules of Criminal Procedure require the Commonwealth to, at a minimum, attempt to locate and arrest a defendant upon refiling a dismissed criminal complaint?

4. Did the trial court abuse its discretion in sentencing [A]ppellant by imposing a manifestly excessive sentence and relying on improper factors in imposing said sentence?

Appellant's Brief, at 5.

Appellant's first three issues relate to the denial of his Rule 600 motion; therefore, we will address them together. He argues that the trial court erred in finding the Commonwealth was diligent in apprehending him, thereby excluding the 506-day pre-arrest period in the Rule 600 calculation. *See id.* at 26-31. He further contends that the trial court erred by not calculating the speedy trial period from the date on which the initial complaint was filed. *See id.* at 16-26.

We review Rule 600 rulings for an abuse of discretion. *Commonwealth v. Burno*, 154 A.3d 764, 793 (Pa. 2017). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will . . . discretion is abused." *Id.* (citing *Commonwealth v. Wright*, 961 A.2d 119, 142 (Pa. 2008)). We view

- 5 -

the facts in the light most favorable to the prevailing party, and we limit our scope of review to the record of the Rule 600 hearing. ***Commonwealth v. Hunt***, 858 A.2d 1234, 1238-39 (Pa. Super. 2004) (*en banc*), *appeal denied*, 875 A.2d 1073 (Pa. 2005).

Generally, a defendant must be brought to trial within the "mechanical run date" of 365 days from the date on which the criminal complaint is filed. Pa.R.Crim.P. 600(A)(2)(a). "[P]eriods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included[2] in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1).

The time between the filing of a complaint and a defendant's arrest is includable time for Rule 600 purposes, except where the defendant's whereabouts are unknown and cannot be determined by the exercise of due diligence. ***Id.***, cmt. Due diligence is fact-specific and determined on a case-by-case basis. ***See Commonwealth v. Claffey***, 80 A.3d 780, 786 (Pa. Super. 2013), *appeal denied*, 86 A.3d 231 (Pa. 2014). Due diligence "requires the Commonwealth to put forth a reasonable effort but does not demand perfect vigilance or punctilious care." ***Id.***

The complaint was refiled on October 1, 2021. The mechanical run date was October 1, 2022. Appellant filed a motion to dismiss due to a Rule 600

---

[2] "Includable time," a term we use below, means time charged against the Commonwealth under Rule 600.

violation on July 28, 2023. Therefore, a total of 665 days elapsed between the refiling of the complaint and Appellant's motion to dismiss. The trial court did not find a violation of Rule 600 because it found the 506-day pre-arrest delay was caused by Appellant, allowing those periods to be excluded from the Rule 600 calculation.

For the following reasons, we disagree with the trial court's reasoning and conclude that Rule 600 was misapplied because the Commonwealth was not sufficiently held to its duty to exercise due diligence. The Commonwealth has a duty to exercise due diligence in apprehending a defendant upon the filing, or refiling, of a criminal complaint. *See Commonwealth v. Polsky*, 426 A.2d 610, 612 (Pa. 1981) ("it must be established by a preponderance of the evidence that police acted with due diligence in executing an arrest warrant."); *see also Commonwealth v. Rice*, 2021 WL 212753 at *5, unpublished memorandum (Pa. Super. 2021)[3]. "In determining whether police [or the prosecution] acted with due diligence, a balancing process must be employed where the court, using a common sense approach, examines the activities of the police and balances this against the interest of the accused in receiving a fair trial." *Commonwealth v. Newman*, 555 A.2d 151, 155 (Pa. Super. 1989). Again, only where the defendant's whereabouts are unknown

---

[3] *See* Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

and cannot be determined by due diligence will the pre-arrest time be excluded. *See* Pa.R.Crim.P. 600(c)(1), cmt.

Here, the refiled complaint and arrest warrant were issued in the present case on October 1, 2021. The Commonwealth made the following efforts to serve the arrest warrant on Appellant: (1) contacted defense counsel to advise that the charges were refiled, N.T. Rule 600 Hearing, 9/11/23 at 17-18; (2) notified Appellant's assigned probation officer on February 2, 2022, that he had an active warrant, *id.* at 20, Exhibit CS-7; (3) requested the Philadelphia sheriff's office for assistance, *id.* at 20-21; and (4) entered the warrant in the NCIC system, *id.* at 49.

Crucially, no attempts were made to serve the arrest warrant on Appellant at his last known address. *Id.* at 23, 28, 48-49, 52. The complaint listed Appellant's address as 2940 Tulip Street, Philadelphia, Pennsylvania. The record reflects that Appellant resided there from at least August 11, 2021, until he was apprehended. *Id.* at 37, 54. There is no evidence that Appellant's whereabouts were unknown to the Commonwealth when the complaint was filed. The U.S. Marshalls were not notified of Appellant's alleged fugitive status. *Id.* at 29. Police requested the assistance of the Philadelphia Sheriff's office; however, they did not follow-up to see if any attempts were made to serve the warrant on Appellant. *Id.* at 20-21, 48-49.

The Commonwealth's position, essentially, is that any lack of further effort on its part must be excused because Appellant had a duty to surrender after being notified of the Commonwealth's intention to refile the dismissed

charges. According to the Commonwealth, once a defendant is notified that an arrest warrant exists, it no longer has a duty to exercise due diligence in apprehending him because the defendant is compelled to surrender himself. *See* Commonwealth's Brief, at 18-22. It further argues that Appellant "caused the pre-arrest delay by willfully remaining a fugitive from the arrest warrant and then again when he willfully remained a fugitive from his probation supervision." *Id.* at 18. Thus, the Commonwealth argues that Appellant's actions related to his probation case are relevant to dispense with its duty to exercise due diligence in serving the arrest warrant in this case.

We cannot find, nor did the Commonwealth cite, authority for its position. Appellant was not on bail[4] and did not have any obligation, or conditions of release, to keep the court apprised of his whereabouts in the present case. *See Commonwealth v. Fanelli*, 436 A.2d 1024, 1027 (Pa. Super. 1981) ("the Commonwealth has a duty to locate and rearrest the appellant" when the charges are dismissed and the defendant discharged from

---

[4] Without citing to any authority, the Commonwealth boldly asserts that Appellant was "not free from any bail obligations when he left the courtroom on August 11, 2021, particularly after he was placed on notice, in open court, that the Commonwealth would continue to pursue the charges." Commonwealth's Brief, at 17. Our law does not so hold. "Unless bail is revoked, a bail bond shall be valid until the full and final disposition of the case, including all avenues of direct appeal to the Supreme Court of Pennsylvania." Pa.R.Crim.P. 534. The trial court dismissed the charges on August 11, 2021. The Commonwealth did not appeal. Therefore, at most, Appellant's bail obligation extended 30 days – until September 11, 2021 – when the time for the Commonwealth to appeal expired. The second complaint was not filed until October 1, 2021. Therefore, Appellant was not on bail at the time the second complaint was filed.

custody); *see also* Pa.R.A.P. 526 (conditions of bail).  Nor did he fail to appear for any scheduled hearings on the instant charges.  The cases cited by the Commonwealth in its brief are distinguishable on that basis.

For example, in **Commonwealth v. Cohen**, 392 A.2d 1327 (Pa. 1978), following a preliminary hearing, the defendant failed to appear for a scheduled arraignment and a bench warrant was issued.  Our Supreme Court analyzed the distinction between a defendant released on bail and one who has not been served with an arrest warrant:

> In applying the due diligence requirement as to service of a warrant of arrest we recognized that it was the obligation of the police to notify the accused of the issuance of the warrant. **Commonwealth v. Mitchell**, [372 A.2d 826 (Pa. 1977)].  An accused, unaware that process has been issued against him, has no obligation to make himself available.  Employing a due diligence criteria in such a situation provides the basis for attributing to the accused any delay that results in his apprehension.  Where, however, the accused is aware of his obligation to appear and fails to do so, he may legitimately be held accountable for any resultant delay.  Restated, **where a warrant of arrest is involved the requirement of due diligence in the service of process is required before blame can be assigned to the suspect.**  Where the defendant is on bail and has notice of his obligation to appear and fails to do so, a concept of due diligence in apprehending the fugitive is misplaced in a speedy trial analysis.  To rule otherwise would permit a defendant who intentionally absented himself from a scheduled court hearing to have the charges against him dismissed if the Commonwealth's efforts to locate him did not measure up to a court's standard of due diligence.  Such a result is obviously absurd.
>
> We therefore hold that a **defendant on bail** who fails to appear at a court proceeding, **of which he has been properly notified**, is unavailable from the time of that proceeding until he is subsequently apprehended or until he voluntarily surrenders himself.

- 10 -

*Id.* at 1330 (emphases added).

In *Commonwealth v. Tickel*, 2 A.3d 1229 (Pa. Super. 2010), the defendant was arrested for driving under the influence. A complaint was subsequently filed, and the defendant was given notice of her preliminary hearing date. *Id.* at 1231. Tickel received notice of the preliminary hearing and requested a continuance from the officer. *Id.* Her request was granted, and the preliminary hearing was rescheduled. *Id.* at 1232. Tickel then failed to appear at the rescheduled preliminary hearing and a bench warrant was issued for her arrest. *Id.* She surrendered 665 days later. *Id.* at 1235. This Court determined the 665-day period was excludable from the Rule 600 calculation because she willfully failed to appear for a scheduled court proceeding of which she had notice. *Id.*

In *Commonwealth v. Wright*, 178 A.3d 884 (Pa. Super. 2024), the defendant was arrested for driving under the influence and went to a preliminary hearing wherein the charges were held for court. *Id.* at 885. The defendant was formally arraigned and signed a notice to appear for a specific court date. *Id.* The defendant failed to appear, and an arrest warrant was issued. *Id.* Twenty-six years later, he received written notice that an arrest warrant was active and that he should turn himself in. *Id.* The defendant turned himself in, the warrant was lifted, and he filed a motion to dismiss for a violation of Rule 600. *Id.* The trial court granted the motion. *Id.* This Court reversed because the defendant was on bail, had notice of a scheduled court proceeding and failed to appear. *Id.* at 887-88.

Appellant, here, was not served with a warrant after the new charges were refiled, was not on bail and was never notified by the court or the Commonwealth of a scheduled court date. The Commonwealth therefore had the burden of exercising due diligence in apprehending Appellant after the complaint was refiled and the arrest warrant was issued. Appellant's conduct with respect to his other unrelated case, is immaterial. ***See Polsky, Newman, supra.***

The Commonwealth's efforts to locate Appellant were minimal under the circumstances of this case.[5] Notifying Appellant's attorney and his probation officer that the charges were refiled, and issuing an arrest warrant falls far short of due diligence. Moreover, Appellant appeared for an office visit with APO Fanto on December 30, 2021, *after* the charges were refiled. Yet, she was unaware of the refiling, preventing her from conveying that information to Appellant. Additionally, the Commonwealth made no effort to locate Appellant at his known address and failed to follow-up with the Philadelphia sheriff's office to learn what attempts, if any, were made to locate him. Accordingly, the trial court erred by excluding the 506-day period between the

_____

[5] The lack of effort was documented on the magisterial district docket for this case. The January 4, 2022, docket entry indicates that a fugitive declaration was filed. Underneath are a series of inquires that show the officer did not contact Appellant at his last known address, did not attempt to find Appellant at his place of business or usual habitat, did not contact neighbors or friends of Appellant, did not verify that Appellant's name was entered on NCIC/CLEAN, did not contact the post office to learn about the whereabouts of Appellant, did not contact state or county probation and parole officers, and noted that Appellant did not fail to appear at a preliminary hearing. The officer did answer "yes" to making other efforts to serve the warrant.

filing of the refiled complaint and Appellant's arrest from its Rule 600 calculation.

The complaint was refiled on October 1, 2021. The mechanical run date was October 1, 2022. Appellant filed a motion to dismiss due to a Rule 600 violation on July 28, 2023. Therefore, a total of 665 days elapsed between the refiling of the complaint and Appellant's motion to dismiss. There were two periods of delay, a total of 42 days, caused by Appellant.[6] This left **623 days** of includable time between the date of the refiling of the complaint and the filing of Appellant's motion to dismiss, a clear violation of Rule 600.

Accordingly, the trial court abused its discretion by denying Appellant's motion to dismiss, and the judgment of sentence must be vacated.[7]

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/21/2025

---

[6] Appellant twice continued the preliminary hearing from March 20, 2023 to May 1, 2023.

[7] Based on our disposition, we do not reach Appellant's claim that the Rule 600 calculation should have begun with the filing of the initial complaint and his issue regarding the discretionary aspects of his sentence.