J-A08043-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LONNIE LEE BALL | : | |
| | : | |
| Appellant | : | No. 1492 EDA 2024 |

Appeal from the PCRA Order Entered April 22, 2024
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0000187-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LONNIE LEE BALL | : | |
| | : | |
| Appellant | : | No. 1493 EDA 2024 |

Appeal from the PCRA Order Entered April 22, 2024
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0000188-2021

BEFORE:  LAZARUS, P.J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED AUGUST 15, 2025**

Lonnie Ball ("Ball") appeals from the orders denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Because Ball is no longer serving a sentence and is ineligible for PCRA relief, we affirm.

_____

[1] 42 Pa.C.S.A. §§ 9541–9546.

The PCRA court provided the following factual and procedural history, which is largely uncontested:

On October 4, 2020, at . . . [No.] 187-2021, charges were filed against [Ball] for the offenses of terroristic threats, recklessly endangering another person, simple assault, and harassment. On December 29, 2020, at [No.] 188-2021, charges were filed against [Ball] for . . . possession of a controlled substance - methamphetamine. ***[Ball] failed to appear for a bail revocation hearing scheduled for August 4, 2021, resulting in the issuance of a bench warrant. [Ball] also failed to appear for a pre-trial conference scheduled for August 25, 2021, and the bench warrant remained.*** On or about September 15, 2021, [Ball] was arrested and detained on other charges in Monroe County. . . . [Ball] entered a guilty plea on his Monroe County case on February 9, 2023.

On August 17, 2022, Attorney Alexander Ward [("Attorney Ward")] was appointed to represent [Ball in the cases *sub judice*]. On March 13, 2023, the Commonwealth requested a writ to have [Ball] transferred from Monroe County to Northampton County. On April 3, 2023, [Ball] appeared and the bench warrants were vacated. On April 4, 2023, [Ball] requested a continuance of his trial date and signed a Rule 600 waiver. On May 17, 2023, [Ball] entered into a negotiated *nolo contendere* pleas at number 187-2021 to one count of simple assault, and at term number 188-2021 to one count of possession of a controlled substance. On the same date, [Ball] was sentenced to three (3) to twenty-three (23) months [of] incarceration on the simple assault charge, and a concurrent three (3) to twelve (12) months [of imprisonment] on the possession charge, with credit for time served.

\* \* \* \*

[Ball] filed [his] PCRA [petition] on September 1, 2023. Matthew Deschler, Esquire [("Attorney Deschler")], was appointed to represent [him]. An amended PCRA Petition was filed by Attorney Deschler on October 6, 2023, [alleging the ineffectiveness of Attorney Ward for failing to file a meritorious Pa.R.Crim.P. 600 motion to dismiss the charges at issue here,] and a PCRA hearing was held on February 5, 2024.

\* \* \* \*

> At the . . . PCRA hearing, Attorney Ward testified that prior to [Ball] entering his plea, [they] had discussed the possibility of pursuing a Rule 600 motion. [Ball] testified that he had discussed Rule 600 with Attorney Ward but had not requested that a motion be filed on his behalf. Following entry of his plea, [Ball] further inquired of Attorney Ward whether the charges could be dismissed pursuant to a Rule 600 Motion. In response, Attorney Ward drafted a motion to withdraw [Ball's] plea and provided a copy to [Ball]. Thereafter, [Ball advised Attorney Ward he] did not wish to pursue the motion. [Ball] testified that he made the decision not to file a motion to withdraw his plea after discussing the matter at length with Attorney Ward.

PCRA Court Opinion, 4/22/24, at 1-3 (internal citations to the record omitted; emphasis added; some paragraphs re-ordered for clarity). Following the hearing, the PCRA court denied relief. *See* Orders, 4/22/24. Ball timely appealed, and both he and the PCRA court complied with Pa.R.A.P. 1925.

Ball raises the following issues on appeal:

[1]. Was Attorney Ward ineffective for failing to file a [Rule 600] motion prior to [Ball's] *nolo contendere* plea?

[2]. After he realized the merit to [Ball's] Rule 600 issue, was Attorney Ward ineffective for failing to file a motion to withdraw [Ball's] *nolo contendere* plea so that he could file a Rule 600 motion?

Ball's Brief at 4.

Our standard of review in PCRA appeals is as follows: we "examin[e] whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Flor*, 259 A.3d 891, 902 (Pa. 2021). "We view the evidence of record in a light most favorable to the Commonwealth, as the prevailing party below. We

- 3 -

are bound by the PCRA court's credibility determinations, unless those determinations are not supported by the record; however, we review the PCRA court's legal conclusions *de novo*." *Id*. (internal citations omitted). The PCRA petitioner "has the burden to persuade this Court that the PCRA court erred and that such error requires relief." *Commonwealth v. Wholaver*, 177 A.3d 136, 144-45 (Pa. 2018) (internal citations omitted). Further, "it is well settled that this Court may affirm a valid judgment or order for any reason appearing as of record." *Id*. at 145 (internal citation omitted). *See also Commonwealth v. Hamlett*, 234 A.3d 486 (Pa. 2020) (affirming the right-for-any-reason doctrine).[2]

Prior to reaching the merits of the case, we must determine if Ball is eligible for relief. To be eligible for relief under the PCRA, a petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S.A. § 9543(a)(1)(i). Thus, as soon as a petitioner's sentence is completed, the petitioner becomes ineligible for relief regardless of whether he was serving his sentence when he filed the petition. *See Commonwealth v. Plunkett*, 151 A.3d 1108, 1109-10 (Pa. Super. 2016).

_____

[2] Generally, a petitioner alleging ineffective assistance of counsel bears the burden of demonstrating (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis designed to effectuate the petitioner's interests for the act or omission in question; and (3) petitioner was actually prejudiced by his counsel's ineffectiveness. *See Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa. Super. 2007).

Initially, we observe that Ball has withdrawn his appeal at No. 1493 EDA 2024 from the denial of PCRA relief in No. 188-2021, because he concurs with the PCRA court's determination that he was ineligible for relief given he had completed his sentence by the time the PCRA court ruled on the petition. **See** Ball's Brief at 9 n.5.[3] Accordingly, only the appeal at No. 1492 EDA 2024 from the denial of PCRA relief at No. 187-2021 is presently at issue.

In No. 1492 EDA 2024, our review reveals that Ball has also completed his sentence in the underlying case at No. 187-2021. The PCRA court states that on May 17, 2023, Ball was sentenced to a maximum of twenty-three months of incarceration with credit for time served. **See** PCRA Court Opinion, 4/22/24, at 2. **Accord** Sentence Sheet, 5/17/23 (indicating a maximum of twenty-three months of incarceration). Twenty-three months after his sentencing date would extend to April 17, 2025, at the latest; as such, Ball is no longer serving his sentence. Therefore, Ball is ineligible for relief under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(1)(i); **Plunkett**, 151 A.3d at 1109-10 (providing the requirements for eligibility for PCRA relief); **Wholaver**, 177

_____

[3] The PCRA court concluded the sentence at No. 188-2021 expired in March 2024, and Ball does not contest that maximum for his three-to-twelve-month sentence expired in March 2024. **See** PCRA Ct. Op., 4/22/24, at 1; Ball's Brief at 9 n.5. This further corroborates that the three-to-twenty-three-month sentence at No. 187-2021, imposed concurrently to that in No. 188-2021, also began to run in May 2023, and thus expired, at the latest, in April 2025.

A.3d at 145 (this Court may affirm on any legal basis appearing of record).[4]

Accordingly, we affirm the PCRA court's denial of relief.[5]

_____

[4] Our review of the publicly available docket reveals no parole revocation proceedings have occurred in this matter.

[5] Based on our disposition, we need not reach the merits of the parties' arguments regarding Attorney Ward's alleged ineffectiveness for declining to file a Rule 600 motion to dismiss.  However, we note that even if eligible for relief, Ball's issue would merit none, as this case is controlled by **Commonwealth v. Baird** , in which our Supreme Court held that the "general rule is that, where a period of delay is caused by the defendant's **willful** failure to appear at a court proceeding of which he has notice, exclusion is warranted," and that "if a defendant is deemed to have had reasonable notice of court proceedings, but fails to appear, the Commonwealth's due diligence in attempting to locate him need not be assessed." 975 A.2d 1113, 1118 (Pa. 2009).  Here, there is no dispute that Ball, having received notice of his court proceedings, willfully failed to appear twice **before** becoming incarcerated in another jurisdiction.  Therefore, the Commonwealth's due diligence need not be assessed from August 4, 2021, when he first willfully failed to appear, through at least August 17, 2022, when Attorney Ward was appointed in Northampton County to represent Ball, after which, at some unspecified time, he discussed the case with the Commonwealth, and, he later surmised, would have informed them of Ball's incarceration in Monroe County.  **See** N.T., 2/5/24, at 52-53.  (We additionally observe that there is no evidence of record that Ball's prior attorney knew of his location and informed the Commonwealth of his whereabouts.)

Ball does not contest that the time preceding August 2021 was tolled by the COVID-19 judicial emergency.  **See** Ball's Brief at 6.  Thus, fewer than 365 days elapsed between August 2022 and May 2023, and a Rule 600 motion would have been meritless.  **See also Commonwealth v. Wright**, 178 A.3d 884, 888-89 (Pa. Super. 2018) (holding that where a defendant willfully fails to appear for court proceedings and is then subsequently arrested in other jurisdictions, the burden does not shift to the Commonwealth to prove due diligence, and "subsequent arrests in other jurisdictions during the time the present charges were pending, did not restart the Rule 600 clock").  This case is therefore distinguishable from the principal case Ball relies on, **Commonwealth v. Pichini**, 454 A.2d 609 (Pa. Super 1982), in which this Court assessed the Commonwealth's diligence where the defendant's failure
*(Footnote Continued Next Page)*

Orders affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/15/2025

_____

to appear was because of his incarceration rather than a willful failure to appear and subsequent arrest as in **Wright**. **See Commonwealth v. Loner**, 836 A.2d 125, 132 (Pa. Super. 2003) ("Counsel cannot be deemed ineffective for failing to pursue a meritless claim").